**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE SANDERS, DOUG BUTLER, DARREL FOLEY, GEORGE RENNER, and ROGER SHRADER, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>          Defendants. | Case No. **5:18-cv-00688-DSF-SHK**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br><br>5.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br><br>6.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT  [LABOR CODE §§ 2698, et seq.].<br><br>DEMAND FOR A JURY TRIAL |

1

1         Plaintiffs Eugene Sanders, Doug Butler, Darrel Foley, George Renner, and Roger

2   Shrader ("PLAINTIFFS), individuals, on behalf of themselves and all other similarly situated

3   current and former employees, allege upon information and belief, except for their own acts and

4   knowledge which are based on personal knowledge, the following:

5

6                  **THE PARTIES**

7       1.    Plaintiff Eugene Sanders worked for Defendant Old Dominion Freight Line Inc.

8   ("DEFENDANT") in California from September of 2014 through October of 2015 as a Truck

9   Driver.  Plaintiff Doug Butler worked for DEFENDANT in California from June of 2010

10  through January of 2017 as a Truck Driver.  Plaintiff Darrel Foley has worked for

11  DEFENDANT in California since October of 2010 as a Truck Driver.  Plaintiff George Renner

12  worked for DEFENDANT in California from January of 2012 through March of 2017 as a

13  Truck Driver. Plaintiff Roger Shrader has worked for DEFENDANT in California since

14  December of 2010 as a Truck Driver.   As Truck Drivers, PLAINTIFFS' work required the

15  performance of manual labor consisting of driving DEFENDANT's trucks and transporting for

16  DEFENDANT in California.  In performing these duties, PLAINTIFFS did not utilize any

17  independent discretion, judgment, or management decisions with respect to matters of

18  significance.  To the contrary, the work of PLAINTIFFS as Truck Drivers was to provide on

19  a daily basis the transportation of goods in accordance with the management decisions and

20  business policies established by DEFENDANT.  As a result, PLAINTIFFS were entitled to be

21  paid minimum wages, accurate wage statements, and meal and rest periods as required by

22  California law. PLAINTIFFS were paid by piece-rate only while they were employed as Truck

23  Drivers for DEFENDANT.  Importantly, PLAINTIFFS were not provided with minimum wages

24  for their non-production work time.  PLAINTIFFS also did not receive paid rest breaks as

25  required by California law and DEFENDANT failed to provide PLAINTIFFS with the legally

26  required meal periods.  DEFENDANT failed to pay PLAINTIFFS the correct amount of

27  compensation because DEFENDANT established an illegal pay practice of paying

28  PLAINTIFFS on a piece rate basis when delivering loads at the locations assigned by

DEFENDANT.  DEFENDANT however failed to pay minimum wages for compensable time worked.  The amount in controversy for PLAINTIFFS individually do not exceed the sum or value of $75,000.

2.    Defendant Old Dominion Freight Line Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.  DEFENDANT operates a fleet of more than 6,900 tractors and more than 27,000 trailers from more than 220 service centers. In addition to its core LTL services, the company offers its customers a broad range of logistics services including ground and air transportation, supply chain consulting, container delivery and warehousing and household moving.

3.    PLAINTIFFS bring this class action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during the period beginning on four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

4.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFFS who therefore sues these Defendants by such fictitious names pursuant to Fed. R. Civ. Proc. 17.  PLAINTIFFS are informed and believe, and based thereon, allege that each of the Defendants designated herein is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFFS will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants when they have been ascertained and become known.

5.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct

alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **THE CONDUCT**

6.    The work required to be performed by PLAINTIFFS and the other CALIFORNIA CLASS Members was manual labor consisting of driving DEFENDANT's trucks and transporting goods within the State of California in accordance with DEFENDANT's policies and practices.  As a result of this work, PLAINTIFFS and the other CALIFORNIA CLASS Members were involved in providing day to day routine transportation of goods as specified by DEFENDANT and this work was executed by the performance of manual labor within a defined skill set.  PLAINTIFFS and CALIFORNIA CLASS Members were not compensated through a monthly salary.  PLAINTIFFS and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be made.  DEFENDANT failed to correctly pay minimum wages to PLAINTIFFS and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum wage compensation to PLAINTIFFS and the other CALIFORNIA CLASS Members for their documented time worked.  Specifically, DEFENDANT only paid PLAINTIFFS and other Truck

Drivers a flat amount per mile the Truck Drivers drove on behalf of DEFENDANT. Although PLAINTIFFS and CALIFORNIA CLASS Members manually logged their time on log sheets, they were not paid for the actual number of hours that they worked. PLAINTIFFS and other Truck Drivers were not compensated for any of their time spent working other then the flat piece rate for each mile driven on DEFENDANT's behalf. DEFENDANT suffered and permitted PLAINTIFFS and other CALIFORNIA CLASS Members to work and required these employees to remain under DEFENDANT's control without paying them, which resulted in PLAINTIFFS and other CALIFORNIA CLASS Members earning less than the legal minimum wage in the State of California. PLAINTIFFS and other CALIFORNIA CLASS Members performed a variety of work-related tasks for which they were not paid. For example, PLAINTIFFS were required multiple times per week to meet up with other truck drivers of DEFENDANT. PLAINTIFFS would arrive at the location agreed upon over their personal cell phones and wait for DEFENDANT's other truck drivers to arrive so that they could exchange equipment, including swapping trailers. DEFENDANT did not pay PLAINTIFFS and other CALIFORNIA CLASS Members for their time spent waiting to meet up with DEFENDANT's drivers. This on-duty wait time can often last for hours and on average lasted one (1) hour multiple times per week. PLAINTIFFS were also forced to wait for loads to be ready for transport for multiple hours during the CALIFORNIA CLASS PERIOD. DEFENDANT failed to pay PLAINTIFFS and CALIFORNIA CLASS Members for all of their time spent fueling DEFENDANT's trucks as well. There were numerous times that PLAINTIFFS would wait in line at gas stations in order to fuel their trucks and this wait time plus the time it took to fuel DEFENDANT's truck could take up to one hour. On certain days during the CALIFORNIA CLASS PERIOD, as a result of DEFENDANT's compensation scheme that failed to pay for the non-driving tasks stated herein, PLAINTIFFS did not earn minimum wages for all their hours worked. There were 341,067 dispatches performed over a four (4) year period which equates to 85,266 shipments in one (1) year. There were 233 California based truck drivers in 1 year so the average truck driver performed 366 shipments in a year and PLAINTIFFS as

typical employees performed approximately 366 shipments each year of the statutory period.
For each shipment, PLAINTIFFS spent one (1) to two (2) hours on non-driving tasks, including
but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks,
time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling
DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points,
time spent looking for and hooking up trailers, and time spent waiting for third party vendors
during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to
DEFENDANT's trucks to be made.  The load rate as a matter of law did not compensate
PLAINTIFFS for the non-driving time as the load rate was based per mile driven not by minute
or hour worked and because by definition no miles were driven during the wait time the
load-rate therefore failed to compensate PLAINTIFFS for all hours worked and failed to
compensate PLAINTIFFS for all minimum wages due to them.

7.    Individuals in these Truck Driver positions are and were employees who are
entitled to minimum wage compensation and prompt payment of amounts that the employer
owes an employee when the employee quits or is terminated, and other compensation and
working conditions that are prescribed by law.

8.    Industrial Welfare Commission Wage Order 4-2001 provides: "Every employer
shall pay to each employee, on the established payday for the period involved, not less than the
applicable minimum wage for all hours worked in the payroll period, whether the remuneration
is measured by time, piece, commission, or otherwise." "Hours worked" is defined in the Wage
Order as "the time during which an employee is subject to the control of an employer, and
includes all the time the employee is suffered or permitted to work, whether or not required to
do so." Here, PLAINTIFFS and CALIFORNIA CLASS Members are entitled to separate hourly
compensation for time spent performing other non-driving tasks directed by DEFENDANT
during their work shifts.

9.    In addition, DEFENDANT failed to provide all the legally required unpaid, off-
duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFFS and

the other CALIFORNIA CLASS Members as required by the applicable Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFFS and the other CALIFORNIA CLASS Members.  As a result, DEFENDANT's failure to provide the PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is evidenced by DEFENDANT's business records.  Specifically, DEFENDANT's  employees assigned PLAINTIFFS loads and gave PLAINTIFFS specific directions for their work assignments, including but not limited to, pickup and delivery times for their loads.  These work tasks given to PLAINTIFFS never carved out times for PLAINTIFFS and the other CALIFORNIA CLASS Members to take timely off-duty meal and rest breaks to which they were legally entitled.  In fact, PLAINTIFF and the CALIFORNIA CLASS Members were often required by DEFENDANT to miss their meal and rest breaks to ensure that they delivered and/or picked up their loads in the time frame expected by DEFENDANT.  DEFENDANT required PLAINTIFFS to take uninterrupted routes that would not allow them to stop for a meal break by scheduling the meal break in accordance with the Department of Transportation guidelines that required meal breaks after eight (8) hours instead of before the end of the fifth hour worked by PLAINTIFFS. DEFENDANT would require PLAINTIFFS and other CALIFORNIA CLASS Members designated routes to take when picking up or delivering products for DEFENDANT. DEFENDANT also instructed PLAINTIFFS to drive to numerous locations within a workday and as a result PLAINTIFFS could not reasonably have taken meal breaks of a half hour before the end of the fifth hour worked.  The violations were, therefore, pursuant to DEFENDANT's instructions and not PLAINTIFFS' own volition.  On average PLAINTIFFS worked 9.53 hours per workday and thus would have accrued meal period rights during an average work day during which PLAINTIFFS would have suffered a meal break violation.  PLAINTIFFS did however work many days that were over twelve (12) hours of work for DEFENDANT.  DEFENDANT was aware that PLAINTIFFS and CALIFORNIA CLASS Members were regularly denied the

opportunity to take meal and rest periods due to the burdensome workload and time constraints placed upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refused to authorize premium pay for missed, interrupted or late meal and rest periods.  PLAINTIFFS and other members of the CALIFORNIA CLASS therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.  As a result, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest periods is evidenced by DEFENDANT's business records.

10.     From time to time, DEFENDANT also failed to provide the PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT failed to list the total hours worked by PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members each pay period. Because DEFENDANT paid PLAINTIFFS only a flat amount per work assignment, the pay stubs issued to PLAINTIFFS failed to list all of PLAINTIFFS' hours worked, failed to correctly state what should have been the correct amount of gross and net wages due to PLAINTIFFS, and during some pay periods failed to list any hours worked at all by PLAINTIFFS when they did in fact work hours for DEFENDANT.  Specifically, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's intentional violation of California Labor Code Section 226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements. PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members have been injured as a result of having to bring this action to attempt to obtain correct wage information following

DEFENDANT's refusal to comply with many of the mandates of the California Labor Code and related laws and regulations. As a result, DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

11.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify the PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

12.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. By example, DEFENDANT required PLAINTIFFS to use their personal cell phones to communicate with DEFENDANT's dispatchers regarding equipment (trailer) numbers and additional instructions regarding semi-trucks that may need service or repair. PLAINTIFFS also were called by DEFENDANT's dispatchers to inquire as to load status and what time PLAINTIFFS would be arriving/departing from assigned locations. DEFENDANT also required PLAINTIFFS to use their personal cell phones to communicate with DEFENDANT's other truck drivers who PLAINTIFFS were required to meet up with in order to swap trailers. Additionally, in the event

of a mechanical issue with their truck, including but not limited to, flat tires or engine trouble, PLAINTIFFS were required by DEFENDANT to use their own personal cell phone in order to communicate with third party vendors so that the third party could come and meet PLAINTIFFS in order to perform maintenance on DEFENDANT's trucks. DEFENDANT knew or should have known PLAINTIFFS were using their own personal cell phones to conduct company business as DEFENDANT's dispatchers and other employees would contact PLAINTIFFS via their personal cell phones to inquire about load status and other daily work tasks and DEFENDANT knew that PLAINTIFFS were not provided company cell phones. As a result, in the course of their employment with DEFENDANT the PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

13.    In this action, PLAINTIFFS, on behalf of themselves and the CALIFORNIA CLASS, seeks to recover all the compensation that DEFENDANT is required by law to provide, but failed to provide, to PLAINTIFFS and all other CALIFORNIA CLASS Members. PLAINTIFFS also seek penalties and all other relief available to them and other CALIFORNIA CLASS Members under California law. Finally, PLAINTIFFS seek declaratory relief finding that the employment practices and policies of the DEFENDANT violated California law and injunctive relief to enjoin the DEFENDANT from continuing to engage in such employment practices.

14.    In performing the conduct herein alleged, the DEFENDANT's wrongful conduct and violations of law as herein alleged demeaned and wrongfully deprived PLAINTIFFS and the other members of the CALIFORNIA CLASS of money and career opportunities to which they were lawfully entitled. DEFENDANT engaged in such wrongful conduct by failing to have adequate employment policies and maintaining adequate employment practices consistent with such policies and the applicable law. DEFENDANT's wrongful conduct as herein alleged caused the money belonging to the PLAINTIFFS and the other members of the CALIFORNIA

CLASS to be kept by DEFENDANT and thereby converted by DEFENDANT for DEFENDANT's own use.

15.    DEFENDANT's practices violated and continue to violate the law, regardless of whether the employees' work is paid by commission, by salary, by piece rate, or by part commission, part piece rate, and/or part salary.  As a result of this policy and practice, DEFENDANT failed to pay minimum wage pay in accordance with applicable law.

16.    Accordingly, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* by engaging in company-wide policies that violated the California Labor Code and regulations promulgated thereunder as herein alleged.

### THE CALIFORNIA CLASS

17.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT as Truck Driver employees and worked in California (the "CALIFORNIA CLASS") at any time during the period beginning on  four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT used an unlawful, unfair and deceptive method to calculate minimum, and payment for missed meal periods and off-duty rest breaks owed to the PLAINTIFFS and the other members of the CALIFORNIA  CLASS.

19.    All CALIFORNIA CLASS Members, including the PLAINTIFFS, performed

11

the same manual labor and were paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, and failed to correctly pay minimum wages.   This business practice is uniformly applied to each and every member of the CALIFORNIA CLASS, and therefore, the propriety of these business practices can be adjudicated on a class-wide basis.

20.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that uniformly denied PLAINTIFFS and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law;

(b)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly and systematically fail to provide and record all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to the PLAINTIFFS and the CALIFORNIA CLASS members; and,

(c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

21.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous
        that the joinder of all CALIFORNIA CLASS Members is impracticable
        and the disposition of their claims as a class will benefit the parties and
        the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues
        that are raised in this Complaint are common to the CALIFORNIA
        CLASS and will apply uniformly to every member of the CALIFORNIA
        CLASS;

(c)     The claims of the representative PLAINTIFFS are typical of the claims of
        each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all other
        members of the CALIFORNIA CLASS, were subjected to
        DEFENDANT's illegal practice of failing to pay minimum wages for all
        time worked by the PLAINTIFFS and other members of the
        CALIFORNIA CLASS.  PLAINTIFFS sustained economic injury as a
        result of DEFENDANT's employment practices.  PLAINTIFFS and the
        members of the CALIFORNIA CLASS were and are similarly or
        identically harmed by the same unlawful, deceptive, unfair and pervasive
        pattern of misconduct engaged in by the DEFENDANT; and,

(d)     The representative PLAINTIFFS will fairly and adequately represent and
        protect the interest of the CALIFORNIA CLASS, and has retained
        counsel who are competent and experienced in Class Action litigation.
        There are no material conflicts between the claims of the representative
        PLAINTIFFS and the members of the CALIFORNIA CLASS that would
        make class certification inappropriate.  Counsel for the CALIFORNIA
        CLASS will vigorously assert the claims of all CALIFORNIA CLASS
        Members.

22.     In addition to meeting the statutory prerequisites to a Class Action, this action is

properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

        2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANT subjects these employees to DEFENDANT's systematic practices with respect to non-payment of wages for all time worked;

        1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policies and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute

THIRD AMENDED CLASS ACTION COMPLAINT

1        unfair competition;

2    (c)    Common questions of law and fact exist as to the members of the

3            CALIFORNIA CLASS, with respect to the practices and violations of

4            California Law as listed above, and predominate over any question

5            affecting only individual CALIFORNIA CLASS Members, and a Class

6            Action is superior to other available methods for the fair and efficient

7            adjudication of the controversy, including consideration of:

8        1)    The interests of the members of the CALIFORNIA CLASS in

9                individually controlling the prosecution or defense of separate

10                actions;

11        2)    The extent and nature of any litigation concerning the controversy

12                already commenced by or against members of the CALIFORNIA

13                CLASS;

14        3)    The desirability or undesirability of concentrating the litigation of

15                the claims in the particular forum;

16        4)    The difficulties likely to be encountered in the management of a

17                Class Action; and,

18        5)    The basis of DEFENDANT's conduct towards PLAINTIFFS and

19                the CALIFORNIA CLASS.

20    23.    This Court should permit this action to be maintained as a Class Action pursuant

21    to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

22    (a)    The questions of law and fact common to the CALIFORNIA CLASS

23            predominate over any question affecting only individual CALIFORNIA

24            CLASS Members because the DEFENDANT's employment practices are

25            uniform and systematically applied with respect to the CALIFORNIA

26            CLASS;

27    (b)    A Class Action is superior to any other available method for the fair and

28

THIRD AMENDED CLASS ACTION COMPLAINT

efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFFS, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's current and former Truck Driver employees employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

24.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUBCLASS

25.    PLAINTIFFS further bring the Second, Third, and Fourth Causes of Action on behalf of the a California subclass, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT as Truck Driver employees and worked in California (the "CALIFORNIA LABOR SUBCLASS") at any time during the period beginning on three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUBCLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS against DEFENDANT, the CALIFORNIA LABOR SUBCLASS PERIOD should be adjusted accordingly.

27.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by the PLAINTIFFS and the other members of the

CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

28.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUBCLASS, including, but not limited, to the following:

    (a)    Whether DEFENDANT unlawfully failed to pay minimum wage compensation to members of the CALIFORNIA LABOR SUBCLASS in violation of the California Labor Code and applicable regulations;

    (b)    Whether DEFENDANT's policy and practice of failing to pay CALIFORNIA LABOR SUBCLASS Members wages, including minimum wages for all time worked, violates applicable provisions of California law;

    (c)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

    (d)    Whether DEFENDANT unlawfully failed to keep and furnish CALIFORNIA LABOR SUBCLASS Members with accurate records of time worked;

    (e)    Whether DEFENDANT failed to reimburse CALIFORNIA LABOR SUB-CLASS Members for business expenses incurred that were necessary to perform their job duties for DEFENDANT; and,

THIRD AMENDED CLASS ACTION COMPLAINT

(f)    Whether DEFENDANT's conduct was willful.

29.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording tall time worked and thereby failing to pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b)    Violating Cal. Lab. Code § 226(a) by failing to provide the PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS Members with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

(c)    Violating Cal. Lab. Code § 2802 by failing to reimburse the PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

30.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUBCLASS are so numerous that the joinder of all CALIFORNIA LABOR SUBCLASS members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUBCLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUBCLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of

19

each member of the CALIFORNIA LABOR SUBCLASS. PLAINTIFFS, like all other members of the CALIFORNIA LABOR SUBCLASS, were denied compensation for all time worked as a result of DEFENDANT's systematic illegal and deceptive pay practices. PLAINTIFFS and all other members of the CALIFORNIA LABOR SUBCLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California. PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by the DEFENDANT as described above; and,

(d)     The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUBCLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUBCLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously assert the claims of all CALIFORNIA LABOR SUBCLASS Members.

31.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUBCLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would establish incompatible standards of conduct for the parties

opposing the CALIFORNIA LABOR SUBCLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUBCLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUBCLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUBCLASS as a whole in that the DEFENDANT fails to pay these employees minimum wage compensation as a result of DEFENDANT's company wide illegal and deceptive pay practices;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA LABOR SUBCLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUBCLASS members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUBCLASS in individually controlling the prosecution or defense of separate actions;

2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUBCLASS;

3)   The desirability or undesirability of concentrating the litigation of

the claims in the particular forum;

    4)    The difficulties likely to be encountered in the management of a Class Action; and,

    5)    The basis of DEFENDANT's conduct towards PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS.

32.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUBCLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c)    The members of the CALIFORNIA LABOR SUBCLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

    (d)    PLAINTIFFS, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUBCLASS consists of those members of the CALIFORNIA CLASS who were subjected to the DEFENDANT's practices as described above during the CALIFORNIA LABOR SUBCLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

33. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## JURISDICTION AND VENUE

34. This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

35. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391

because (I) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.

## FIRST CAUSE OF ACTION

### For Unlawful, Unfair and Deceptive Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

36.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

37.     DEFENDANT is a "person" as that term is defined under California Business & Professions Code § 17021.

38.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

39.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California and Federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, the California Labor Code including Sections 226.7, 512, 1194, 1197, 1198 and 2802, for which

this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

40.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

41.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate PLAINTIFFS and CALIFORNIA CLASS Members for all non-production time, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.  The work schedule for the PLAINTIFFS and other CALIFORNIA CLASS Members was set by DEFENDANT.

42.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal and rest breaks to the PLAINTIFFS and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

44.    Specifically, DEFENDANT's employees assigned PLAINTIFFS loads and gave

PLAINTIFFS specific directions for their work assignments, including but not limited to, pickup and delivery times for their loads. These work tasks given to PLAINTIFFS never carved out times for PLAINTIFFS and the other CALIFORNIA CLASS Members to take timely off-duty meal and rest breaks to which they were legally entitled. In fact, PLAINTIFF and the CALIFORNIA CLASS Members were often required by DEFENDANT to miss their meal and rest breaks to ensure that they delivered and/or picked up their loads in the time frame expected by DEFENDANT. DEFENDANT required PLAINTIFFS to take uninterrupted routes that would not allow them to stop for a meal break by scheduling the meal break in accordance with the Department of Transportation guidelines that required meal breaks after eight (8) hours instead of before the end of the fifth hour worked by PLAINTIFFS. DEFENDANT would require PLAINTIFFS and other CALIFORNIA CLASS Members designated routes to take when picking up or delivering products for DEFENDANT. DEFENDANT also instructed PLAINTIFFS to drive to numerous locations within a workday and as a result PLAINTIFFS could not reasonably have taken meal breaks of a half hour before the end of the fifth hour worked. The violations were, therefore, pursuant to DEFENDANT's instructions and not PLAINTIFFS' own volition. On average PLAINTIFFS worked 9.53 hours per workday and thus would have accrued meal period rights during an average work day during which PLAINTIFFS would have suffered a meal break violation. PLAINTIFFS did however work many days that were over twelve (12) hours of work for DEFENDANT. DEFENDANT was aware that PLAINTIFFS and CALIFORNIA CLASS Members were regularly denied the opportunity to take meal and rest periods due to the burdensome workload and time constraints placed upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refused to authorize premium pay for missed, interrupted or late meal and rest periods. PLAINTIFFS and other members of the CALIFORNIA CLASS therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. As a result, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA CLASS Members with all the legally required off-duty, unpaid meal periods and all the legally

required off-duty, paid rest periods is evidenced by DEFENDANT's business records.

45.    Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

46.    PLAINTIFFS further demand on behalf of themselves and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off-duty paid rest period was not timely provided as required by law.

47.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  By example, PLAINTIFFS would use their personal cell phones to communicate with DEFENDANT's dispatchers regarding equipment (trailer) numbers and additional instructions regarding semi-trucks that may need service or repair.  PLAINTIFFS were also required to use their personal cell phones to communicate with DEFENDANT's other truck drivers who PLAINTIFFS were required to meet in order to swap trailers.  Additionally, in the event of a mechanical issue with their truck, including but not limited to, flat tires or engine trouble, PLAINTIFFS were required  by DEFENDANT to use their own personal cell phone in order to communicate with third party vendors so that the third party could come and meet PLAINTIFFS in order to perform maintenance on DEFENDANT's trucks.  DEFENDANT knew or should have known PLAINTIFFS were using their own personal cell phones to conduct company business as DEFENDANT's dispatchers and other employees would contact PLAINTIFFS via their personal cell phones to inquire about load status and other daily work tasks.  As a result, in the course of their employment with DEFENDANT the PLAINTIFFS and

other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

48. PLAINTIFFS and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be made. DEFENDANT failed to correctly pay minimum wages to PLAINTIFFS and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum wage compensation to PLAINTIFFS and the other CALIFORNIA CLASS Members for their documented time worked. Specifically, DEFENDANT only paid PLAINTIFFS and other Truck Drivers a flat amount per mile the Truck Drivers drove on behalf of DEFENDANT. Although PLAINTIFFS and CALIFORNIA CLASS Members manually logged their time on log sheets, they were not paid for the actual number of hours that they worked. PLAINTIFFS and other Truck Drivers were not compensated for any of their time spent working other then the flat piece rate for each mile driven on DEFENDANT's behalf. DEFENDANT suffered and permitted PLAINTIFFS and other CALIFORNIA CLASS Members to work and required these employees to remain under DEFENDANT's control without paying them, which resulted in PLAINTIFFS and other CALIFORNIA CLASS Members earning less than the legal minimum wage in the State of California. PLAINTIFFS and other CALIFORNIA CLASS Members performed a variety of work-related tasks for which they were not paid. For example, PLAINTIFFS were required multiple times per week to meet up with other truck drivers of

DEFENDANT. PLAINTIFFS would arrive at the location agreed upon over their personal cell phones and wait for DEFENDANT's other truck drivers to arrive so that they could exchange equipment, including swapping trailers. DEFENDANT did not pay PLAINTIFFS and other CALIFORNIA CLASS Members for their time spent waiting to meet up with DEFENDANT's drivers. This on-duty wait time can often last for hours and on average lasted one (1) hour multiple times per week. PLAINTIFFS were also forced to wait for loads to be ready for transport for multiple hours during the CALIFORNIA CLASS PERIOD. DEFENDANT failed to pay PLAINTIFFS and CALIFORNIA CLASS Members for all of their time spent fueling DEFENDANT's trucks as well. There were numerous times that PLAINTIFFS would wait in line at gas stations in order to fuel their trucks and this wait time plus the time it took to fuel DEFENDANT's truck could take up to one hour. On certain days during the CALIFORNIA CLASS PERIOD, as a result of DEFENDANT's compensation scheme that failed to pay for the non-driving tasks stated herein, PLAINTIFFS did not earn minimum wages for all their hours worked. There were 341,067 dispatches performed over a four (4) year period which equates to 85,266 shipments in one (1) year. There were 233 California based truck drivers in 1 year so the average truck driver performed 366 shipments in a year and PLAINTIFFS as typical employees performed approximately 366 shipments each year of the statutory period. For each shipment, PLAINTIFFS spent one (1) to two (2) hours on non-driving tasks, including but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be made. The load rate as a matter of law did not compensate PLAINTIFFS for the non-driving time as the load rate was based per mile driven not by minute or hour worked and because by definition no miles were driven during the wait time the load-rate therefore failed to compensate PLAINTIFFS for all hours worked and failed to

compensate PLAINTIFFS for all minimum wages due to them.

49. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFFS and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

50. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

51. PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

52. PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

53. PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, the PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

engage in these unlawful and unfair business practices.

///

///

# SECOND CAUSE OF ACTION

## For Failure To Pay Minimum Wages

## [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

## (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

## and Against All Defendants)

54.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

55.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFFS and CALIFORNIA CLASS Members.

56.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

57.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

58.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

59.    DEFENDANT maintained a uniform wage practice of paying the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including time spent engaging in non-driving related tasks. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and

intentionally deny timely payment of wages due to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS and the other CALIFORNIA CLASS Members employed by DEFENDANT performed these manual tasks but were not paid the minimum wages to which they were entitled because of DEFENDANT's systematic policies and practices of failing to correctly record all time worked, including, but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be made. DEFENDANT failed to correctly pay minimum wages to PLAINTIFFS and the other CALIFORNIA CLASS Members in accordance with California law, and thereby systematically underpaid minimum wage compensation to PLAINTIFFS and the other CALIFORNIA CLASS Members for their documented time worked. Specifically, DEFENDANT only paid PLAINTIFFS and other Truck Drivers a flat amount per mile the Truck Drivers drove on behalf of DEFENDANT. Although PLAINTIFFS and CALIFORNIA CLASS Members manually logged their time on log sheets, they were not paid for the actual number of hours that they worked. PLAINTIFFS and other Truck Drivers were not compensated for any of their time spent working other then the flat piece rate for each mile driven on DEFENDANT's behalf. DEFENDANT suffered and permitted PLAINTIFFS and other CALIFORNIA CLASS Members to work and required these employees to remain under DEFENDANT's control without paying them, which resulted in PLAINTIFFS and other CALIFORNIA CLASS Members earning less than the legal minimum wage in the State of California. PLAINTIFFS and other CALIFORNIA CLASS Members performed a variety of work-related tasks for which they were not paid. For example, PLAINTIFFS were required multiple times per week to meet up with other truck drivers of DEFENDANT. PLAINTIFFS would arrive at the location agreed upon over their personal cell phones and wait for DEFENDANT's other truck drivers to arrive

so that they could exchange equipment, including swapping trailers. DEFENDANT did not pay PLAINTIFFS and other CALIFORNIA CLASS Members for their time spent waiting to meet up with DEFENDANT's drivers.  This on-duty wait time can often last for hours and on average lasted one (1) hour multiple times per week.  PLAINTIFFS were also forced to wait for loads to be ready for transport for multiple hours during the CALIFORNIA CLASS PERIOD. DEFENDANT failed to pay PLAINTIFFS and CALIFORNIA CLASS Members for all of their time spent fueling DEFENDANT's trucks as well.  There were numerous times that PLAINTIFFS would wait in line at gas stations in order to fuel their trucks and this wait time plus the time it took to fuel DEFENDANT's truck could take up to one hour.  On certain days during the CALIFORNIA CLASS PERIOD, as a result of DEFENDANT's compensation scheme that failed to pay for the non-driving tasks stated herein, PLAINTIFFS did not earn minimum wages for all their hours worked.  There were 341,067 dispatches performed over a four (4) year period which equates to 85,266 shipments in one (1) year.   There were 233 California based truck drivers in 1 year so the average truck driver performed 366 shipments in a year and PLAINTIFFS as typical employees performed approximately 366 shipments each year of the statutory period.  For each shipment, PLAINTIFFS spent one (1) to two (2) hours on non-driving tasks, including but not limited to, time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be made.  The load rate as a matter of law did not compensate PLAINTIFFS for the non-driving time as the load rate was based per mile driven not by minute or hour worked and because by definition no miles were driven during the wait time the load-rate therefore failed to compensate PLAINTIFFS for all hours worked and failed to compensate PLAINTIFFS for all minimum wages due to them.  By way of example, PLAINTIFF Renner from time to time would be required to drive round

trip from Chico, California, to Sacramento, California to Stockton, California and then back to Fresno, California to Sacramento, California and arriving back at Chico, California. On these work days Plaintiff would work approximately fourteen (14) hours, eleven (11) of which he was driving and was actually paid for (approximately 540 miles he was paid for). The remaining three hours of on duty work time Plaintiff Renner spent, involving fueling DEFENDANT's truck, waiting for his loads to be ready for transport, hooking up trailers, waiting at his meet up point for DEFENDANT's other drivers, was not paid for by DEFENDANT and thus Plaintiff Renner was not paid minimum wages for all hours worked on these workdays.

60.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

61.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpaid the actual time worked by PLAINTIFFS and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

62.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

63.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

64.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

CLASS for the true time they worked, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

65.    DEFENDANT knew or should have known that the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

66.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

67.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, the PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUBCLASS**

**and Against All Defendants)**

68.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 64 of this Complaint.

69.    Cal. Labor Code § 226(a) provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an

employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

70.    From time to time, DEFENDANT also failed to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct minimum wages for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Additionally, DEFENDANT failed to list the total hours worked by PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members each pay period. Because DEFENDANT paid PLAINTIFFS only a flat amount per work assignment, the pay stubs issued to PLAINTIFFS failed to list all of PLAINTIFFS' hours worked, failed to correctly state what should have been the correct amount of gross and net wages due to PLAINTIFFS, and during some pay periods failed to list any hours worked at all by PLAINTIFFS when they did in fact work hours for DEFENDANT. Specifically, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's intentional violation of California Labor Code Section 226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements. PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members have been injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANT's refusal to comply with many of the mandates of the California Labor Code and related laws and regulations. As a result, DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS

with wage statements which violated Cal. Lab. Code § 226.

71.      DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS.    These damages include, but are not limited to, costs expended calculating the true time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.    These damages are difficult to estimate.    Therefore, PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUBCLASS herein).

**FOURTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By Plaintiff Sanders, Renner, Butler and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

72.      Plaintiffs Sanders, Renner and Butler and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 of this Complaint.

73.      Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

74.      Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable

THIRD AMENDED CLASS ACTION COMPLAINT

immediately."

75.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

76.    There was no definite term in Plaintiff Sanders', Renner's, Butler's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

77.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

78.    The employment of Plaintiffs Sanders, Renner, Butler and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.  When Plaintiffs Sanders, Renner and Butler left employment with DEFENDANT, DEFENDANT still owed Plaintiffs Renner, Sanders, and Butler minimum wages for work performed because Plaintiffs Renner, Sanders and Butler were not compensated for all of the time spent working for DEFENDANT, other then the flat piece rate paid to them for their drive time on DEFENDANT's behalf and Plaintiffs Renner, Sanders and Butler performed a variety of non-driving work-related tasks including but not limited to time spent during pre and post trip inspections of DEFENDANT's trucks, time spent waiting for DEFENDANT's loads to be ready for transport, time spent fueling DEFENDANT's trucks, time spent waiting for DEFENDANT's other drivers at meet up points, time spent looking for and hooking up trailers, and time spent waiting for third party vendors during breakdowns of DEFENDANT's trucks and then the time spent waiting for repairs to DEFENDANT's trucks to be

made as described in this Complaint for which they were not paid during their employment with DEFENDANT. Upon information and belief, DEFENDANT intentionally failed to pay wages to Plaintiffs Sanders, Renner and Butler when those wages were due. To date, DEFENDANT has not paid Plaintiffs Sanders and Renner these wages still owed to them. As such, DEFENDANT has not fully paid Plaintiffs Sanders, Renner and Butler all wages still owed to them or any penalty wages that are now owed to them under California Labor Code § 203.

79. Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, Plaintiff Sanders, Renner and Butler demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

80. PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 76 of this Complaint.

81. Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

82. At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by

40

failing to indemnify and reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT failed to reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. By example, DEFENDANT required  PLAINTIFFS to use their personal cell phones to communicate with DEFENDANT's dispatchers regarding equipment (trailer) numbers and additional instructions regarding semi-trucks that may need service or repair. DEFENDANT also required PLAINTIFFS to use their personal cell phones to communicate with DEFENDANT's other truck drivers who PLAINTIFFS were required to meet up with in order to swap trailers. Additionally, in the event of a mechanical issue with their truck, including but not limited to, flat tires or engine trouble, PLAINTIFFS were required by DEFENDANT to use their own personal cell phone in order to communicate with third party vendors so that the third party could come and meet PLAINTIFFS in order to perform maintenance on DEFENDANT's trucks. DEFENDANT knew or should have known PLAINTIFFS were using their own personal cell phones to conduct company business as DEFENDANT's dispatchers and other employees would contact PLAINTIFFS via their personal cell phones to inquire about load status and other daily work tasks. As a result, in the course of their employment with DEFENDANT the PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses

THIRD AMENDED CLASS ACTION COMPLAINT

incurred by the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse the PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

83.    PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## SIXTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, *et seq*.]

### (By PLAINTIFFS  and Against All Defendants)

81.    PLAINTIFFS incorporates by reference the allegations set forth in paragraphs 1-80, supra, as though fully set forth at this point.

82.    PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

83.    PLAINTIFFS, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General

Act, brings this Representative Action on behalf of the State of California with respect to themselves and all individuals who are or previously were employed by Defendant Old Dominion Freight Line Inc. as Truck Driver employees and worked in California during the time period of September 2, 2015 until the present (the "AGGRIEVED EMPLOYEES").

84.    On September 7, 2016, PLAINTIFFS gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein. The statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

85.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay PLAINTIFFS and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including minimum wage hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 204, 226(a), 226.7, 256, 512, 1194, 1197, 1197.1, 1198, 2802 and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFFS hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFFS and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)   An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfully withheld from compensation due to the PLAINTIFFS and the other members of the CALIFORNIA CLASS;

    C)   Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS according to proof; and,

    D)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.   On behalf of the CALIFORNIA LABOR SUBCLASS:

    A)   That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA LABOR SUBCLASS PERIOD plus interest thereon at the statutory rate;

    C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUBCLASS , and an award of costs for violation of Cal. Lab. Code § 226;

    D)   The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

(E)   The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.   On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004.

4.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226, §1194 and/or §2802.

Dated: July 22, 2018      BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:   */s/ Norman Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

PLAINTIFFS demand jury trial on issues triable to a jury.


Dated: July 22, 2018            BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By: *   /s/ Norman Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiffs

THIRD AMENDED CLASS ACTION COMPLAINT

Case No.5:18-cv-00688-DSF-SHK