1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA
10
11      EUGENE SANDERS, DOUG            CASE NO. CV 18-688 DSF (SHKx)
12      BUTLER, DARREL FOLEY,
        GEORGE RENNER, and ROGER
13      SHRADER, individuals, on behalf of    **ORDER GRANTING**
14      themselves, on behalf of all persons   **PRELIMINARY APPROVAL OF**
        similarly situated,                    **CLASS ACTION SETTLEMENT**
15
16                   Plaintiffs,
17              vs.
18      OLD DOMINION FREIGHT
        LINE, INC., a Corporation; and
19      Does 1 through 50, Inclusive,
20
                     Defendants.
21
22
23
24
25
26
27
28

On June 3, 2019, a hearing was held on the motion of Plaintiffs Eugene Sanders, Doug Butler, Darrel Foley, George Renner, and Roger Shrader for preliminary approval of the parties' proposed settlement ("Settlement"), approval of the notice to be sent to the class about the settlement, and the setting of a date for the hearing on final approval of the settlement.  Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiffs, and McGuire Woods LLP appeared for Defendant Old Dominion Freight Line, Inc.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing,

**IT IS ORDERED:**

1.     The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

2.     Pursuant to the Stipulation for Settlement and Release of Class Action Claims ("Settlement Agreement" or "Agreement") (Declaration of Kyle Nordrehaug, Exh. #1), the following Settlement Class is conditionally certified for settlement purposes only: "all line haul and pick-up and delivery drivers employed by Defendant working in the State of California from September 2, 2012 through December 31, 2018 (the "Settlement Class Period"), but expressly excluding therefrom any individuals who, as of the date of preliminary approval, have filed their own separate action as a named plaintiff alleging the same or similar claims being released by the settlement and/or who has previously released all claims against Defendant being settled and released by this Agreement."

3.     The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and (b) are satisfied.  For settlement purposes, as stipulated by the parties, the proposed class meets the requirements of numerosity, commonality and typicality, and there is adequate and fair representation for settlement purposes.

- 1 -

4.     This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Settlement Agreement.

5.     With respect to this provisionally certified class for settlement purposes, if the Settlement does not become final for any reason, the fact that the parties were willing to stipulate to class certification as part of the Settlement Agreement shall have no bearing on and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context.

6.     The Court preliminarily appoints Plaintiffs Eugene Sanders, Doug Butler, Darrel Foley, George Renner, and Roger Shrader as Class Representatives.

7.     The Court preliminarily appoints the law firm of Blumenthal Nordrehaug Bhowmik De Blouw LLP as Class Counsel.

8.     The Court preliminarily approves the proposed Settlement on the terms and conditions set forth in the Settlement Agreement attached to the Declaration of Kyle Nordrehaug as Exhibit #1.  The Settlement Agreement is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible approval as fair, adequate, and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Settlement Class Members fairly.

9.     Under Rule 23(e), the Court may approve a class settlement only on finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  To determine whether a proposed settlement meets these standards, the Court evaluates a number of factors, including:

> (1) the strength of the plaintiffs' case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;

- 2 -

(5) the extent of discovery completed and the stage of the proceedings;
(6) the experience and views of counsel;
(7) the presence of a governmental participant; and
(8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted).  All of

the factors considered for class settlement approval support the preliminary

approval of the Settlement:

a. **The Strength of the Plaintiff's Case**.  Under California law,

employees are entitled to expense reimbursement under the Labor Code.

Here, one of the defenses to the claims alleged was that Defendant complied

with the Labor Code, and provided expense reimbursement for necessary

business expenses.  Given the above uncertainties, this factor weighs in favor

of granting preliminary approval of the Settlement.

b. **The Risk, Expense, Complexity, and Likely Duration of
Further Litigation**.  The parties have indicated a clear intention and desire

to resolve this matter and continued litigation would prove to be expensive

for both sides.  The Parties acknowledge that litigating and trying this action

may have led to possible appeals.  This factor weighs in favor of preliminary

approval.

c. **The Risk of Maintaining Class Action Status**.  Plaintiffs also

argue that there was a "significant risk" that they would not have been able to

achieve and maintain class certification if the issue had been litigated.  Class

certification was vigorously disputed by Defendant.  This factor weighs in

favor of preliminary approval of the Settlement.

d. **The Amount Offered in Settlement**.  When analyzing the

amount offered in settlement, the Court should examine "the complete

package taken as a whole, rather than the individual component parts" to

- 3 -

determine whether the proposal is fair.  The settlement of $475,000 is non-reversionary and this amount falls within the range of similar settlements. The Court finds the amount offered in settlement weighs in favor of granting preliminary approval of the Settlement.

e.    **The Extent of Discovery Completed and the Stage of the Proceedings**.  The proposed settlement was reached after the parties engaged in discovery and law and motion practice, and after Class Counsel received relevant information for the Class.  Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.  The Court finds that this factor supports preliminary approval of the Settlement.

f.    **The Experience and Views of Counsel**.  Class Counsel is of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the class.  The settlement was negotiated and approved by experienced counsel on both sides of the litigation.  This factor weighs in final of preliminary approval.

g.    **The Reaction of the Class Members to the Proposed Settlement**.  The reaction of the class members to the proposed settlement cannot be evaluated at this time. This factor will be appropriate for consideration at the hearing for final approval of the Settlement.

10.    The Court approves, as to form and content, the Notice of Class Action Settlement attached as Exhibit B to the Settlement Agreement. The Court further approves the method of sending Notice set forth in the Settlement Agreement and the procedure for Settlement Class members to opt out of and to object to the Settlement as set forth in the Notice.  The parties' proposed notice plan is

- 4 -

constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Notice attached to the Agreement as Exhibit B, sufficiently informs Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Payment or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

11.    If the Settlement is finally approved, any Settlement Class Member who does not submit a valid request for exclusion will receive a settlement payment based on the allocation formula in the Settlement Agreement.

12.    Any Settlement Class Member who wishes to object to the Settlement, the attorneys' fees and costs, or the proposed enhancement awards, or who elects not to participate in the Settlement has until 45 days after the mailing of the Notice to submit his or her objection or request for exclusion pursuant to the procedures set forth in the Notice.  Class Counsel must file their application for attorneys' fees and costs no later than 14 days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing

13.    KCC Class Action Services is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Stipulation.

14.    The Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of Notice will be filed by the parties prior to the final approval hearing.

15.    Defendant is directed to provide the Settlement Administrator the Class List as specified by the Settlement Agreement no later than 30 days after the date of this order and all conditions precedent being satisfied.

- 5 -

16.     The Claims Administrator is directed to mail the approved Notice by first-class mail to the Class Members no later than ten business days after receipt of the Class List.

17.     The parties have complied with the notice of proposed settlement requirement under the Class Action Fairness Act, 28 U.S.C. § 1715.

18.     Class Counsel shall file their motion for approval of attorneys' fees, costs, and the enhancement awards for the Class Representative sought in the Settlement Agreement on or before the date that is fourteen days before the deadline for Settlement Class Members to submit objections to the Settlement.

19.     Class Counsel shall file the motion for final approval of the Settlement sought in the Settlement Agreement no later than 28 days before the final hearing.

20.     A final hearing will be held on October 7, 2019, at 1:30 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Settlement Class Members.  The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the request for approval of attorneys' fees and costs and for approval of the enhancement awards to the Class Representatives.  Settlement Class Members and their individual counsel, if any, may support or oppose the Settlement and the motion for an award of attorneys' fees and costs and the enhancement awards, if they so desire, as set forth in the Notice.

21.     Any Class Member may appear at the final approval hearing in person or by his or her own attorney and state why the Court should not approve the Settlement, or object to the motion for an award of attorneys' fees and costs and the Service Award.  For any objections to be considered at the hearing, the Settlement Class Member must timely submit a written objection to the Court and describe the nature of the Settlement Class Member's objection.  Objections to the Settlement or to the attorneys' fees and costs must be submitted to the Court not later than 45 days after mailing of the Notice.

- 6 -

22.     The Court reserves the right to continue the date of the final approval hearing without further notice to Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

23.     All discovery and pretrial proceedings are stayed and suspended, except such proceedings as are necessary to implement this Order.

24.     Should the Settlement not become final for any reason, the fact that the parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.  The Settlement Agreement is not a concession or admission and shall not be used or construed against Defendant or any of the Released Parties defined in the Settlement Agreement as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Released Parties.  In the event the Settlement does not become effective in accordance with the terms of the Settlement or the Settlement is not finally approved, or is terminated, cancelled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement, as provided in the Settlement Agreement.

IT IS SO ORDERED.

DATED:  June 4, 2019

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

- 7 -