1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   EUGENE SANDERS, DOUG                  CASE NO. 5:18-cv-00688 DSF (SHKx)
     BUTLER, DARREL FOLEY,
12   GEORGE RENNER, and ROGER              **ORDER:**
     SHRADER, individuals, on behalf of
13                                         **(1) GRANTING FINAL APPROVAL
     themselves, on behalf of all persons       OF CLASS ACTION
14   similarly situated,                        SETTLEMENT; AND**
15
                    Plaintiffs,            **(2) ENTERING FINAL JUDGMENT**
16
17           vs.

18   OLD DOMINION FREIGHT
     LINE, INC., a Corporation; and
19   Does 1 through 50, Inclusive,

20                  Defendants.

21

22

23

24

25

26

27

28

On November 18, 2019, a hearing was held on the motion of Plaintiffs Eugene Sanders, Doug Butler, Darrel Foley, George Renner, and Roger Shrader for final approval of their proposed class action settlement (the Settlement) and payments to the Plaintiffs, Class Counsel, the Labor and Workforce Development Agency and the Settlement Administrator. Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiff; and McGuireWoods LLP appeared for Defendant Old Dominion Freight Line, Inc.

The Parties have submitted their Settlement, which this Court preliminarily approved by its June 4, 2019, Order (Docket No. 81) (the Preliminary Approval Order). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement as modified in this Order, enters this Final Approval Order, and ORDERS and DETERMINES as follows:

1. Except as otherwise specified, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Stipulation for Settlement and Release of Class Action Claims (Settlement Agreement or Agreement). All initially-capitalized terms used in this Order have the same defined meaning as provided in the Settlement Agreement, unless otherwise defined in this Order.

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. For settlement purposes, the Court confirms the certification of the Class defined as: "all line haul and pick-up and delivery drivers employed by Defendant working in the State of California from September 2, 2012 through December 31, 2018 (the Settlement Class Period), but expressly excluding

- 1 -

therefrom any individuals who, as of the date of preliminary approval, have filed their own separate action as a named plaintiff alleging the same or similar claims being released by the settlement and/or who has previously released all claims against Defendant being settled and released by this Agreement."

4.     For settlement purposes only, Plaintiffs shall be and hereby are granted leave to file the Sixth Amended Complaint in the form attached to the Stipulation for Settlement and Release of Class Action Claims as Exhibit A, as their operative pleading in this action.  Defendant's currently operative Answer to the Fifth Amended Complaint is deemed to be its Answer to the Sixth Amended Complaint.

5.     Pursuant to this Preliminary Approval Order, the Notice of Class Action Settlement was sent to each class member by first-class mail.  The Notice of Class Action Settlement informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

6.     This notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7.     Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* (CAFA), Defendant mailed notice of the proposed settlement to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides according to Defendant's records on May 17, 2019.  Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

- 2 -

8.    No Class Members filed written objections to the proposed settlement as part of this notice process.  One Class Member (Jose Luis Cervantes) validly requested exclusion.

9.    For the reasons stated in the Preliminary Approval Order, the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and the Settlement Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and are ordered to be consummated in accordance with this Order.

10.    The Gross Settlement Fund in the amount of $1,158,070.08 and the settlement payments to be paid to the Settlement Class Members as provided for by the Settlement are fair and reasonable.  The Court grants final approval to and orders the payment of those amounts be distributed to the Settlement Class Members out of the Net Settlement Fund in accordance with the Agreement, with the following upward adjustments of the Net Settlement Fund to be additionally funded by Defendant in resolution of disputes raised by four of the named Plaintiffs as to their workdays used to calculate their respective shares of the Settlement:

a. $435 for Plaintiff George Renner;

b. $541 for Plaintiff Roger Shrader;

c. $994 for Plaintiff Doug Butler; and

d. $1,320 for Plaintiff Darrel Foley,

with such amounts added to each such Plaintiff's otherwise calculated settlement payment.

11.    The fees and expenses of KCC Class Action Services in administrating the settlement, in the amount of $20,000, are fair and reasonable.  The Court grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Fund in accordance with the Agreement.

- 3 -

1    12. The request by Plaintiffs and Class Counsel to the enhancement

2    awards and the attorneys' fees and costs pursuant to the Agreement, as modified in

3    this paragraph, are fair and reasonable. The Court has considered the declarations

4    submitted by the Plaintiffs, the time spent in connection with this action, and the

5    fact that (unlike most class representatives) they have waived certain wage claims

6    in order to act as class representatives and grants final approval to and orders that

7    the payment of the requested amounts of $10,000.00 to Plaintiff Sanders and

8    $7,500 each to Plaintiffs Butler, Foley, Renner, and Shrader. The Court has

9    considered the unique circumstances of this case, the results achieved, and the

10   manner in which the amount to be paid as attorneys' fees was calculated. Although

11   the parties referred to a percentage of the fund in agreeing to the amount of

12   attorneys' fees, that analysis was meant to approximate counsel's lodestar. This

13   Court generally awards fees (after a lodestar cross-check) based on the Ninth

14   Circuit's 25% benchmark. The Court has reviewed counsel's fees submissions and

15   finds that the lodestar is less than reflected in the submissions. Nevertheless,

16   because Class Members appear to be receiving full compensation for their claims

17   and an additional amount was added to account for the amount the parties agreed to

18   as attorneys' fees, the Court approves $386,023.36 for attorneys' fees to Class

19   Counsel, and $19,557.48 for attorneys' litigation expenses be paid out of the Gross

20   Settlement Fund in accordance with the Settlement. Counsel are not to represent, in

21   any context, that this Court awarded fees as a percentage of the fund or that the

22   Court approved any specific hourly rate.

23   13. The Labor Workforce Development Agency (LWDA) was given

24   notice of the Settlement and the motion for final approval by Plaintiffs in the

25   manner required under the California Labor Code Private Attorney General Act

26   (PAGA). The LWDA has not objected or indicated any opposition to the

27   Settlement and motion. The Court finds that the required notice of the settlement to

28

- 4 -

the LWDA has been satisfied, and the Court approves the PAGA payment in the amount of $10,000, to be allocated as set forth in the Settlement Agreement.

14.    As of the Effective Date as defined in the Agreement, each Settlement Class Member who did not opt out of the settlement and the LWDA will release Old Dominion Freight Line, Inc. and each of its affiliates, parent companies, subsidiaries, shareholders, officers, officials, partners, directors, members, owners, servants, employees, employers, agents, contractors, attorneys, insurers, predecessors, representatives, accountants, executors, personal representatives, successors and assigns, past, present, and future, and each and all of their respective officers, partners, directors, members, owners, servants, agents, shareholders, employees, employers, agents, contractors, representatives, executors, personal representatives, accountants, insurers, attorneys, pension, profit sharing, retirement savings, health and welfare, and any other employee benefit plans of any nature and the respective trustees, administrators, sponsors, fiduciaries, successors, agents and employees of all such plans, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the Released Parties), of and from any and all allegations, claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, interest, attorneys' fees, compensatory damages, special damages, economic damages, noneconomic damages, restitution, statutory penalties, civil penalties, liquidated damages, punitive damages, or any other monies, damages, obligations or liabilities of any and every kind, contingent or accrued, known or unknown, that are, were or reasonably could have been alleged or asserted or be the basis of any claims (including without limitation under theories of successor liability, joint employer liability, agency or conspiracy), in whole or in part, of any direct or imputed violation of any federal, state, local, or administrative constitution, charter, law, rule, regulation or ordinance, arising from the Released Parties' failure to reimburse any employment-related expenses, including any

- 5 -

violations of California Labor Code Section 2802, any violations of the California Unfair Competition Law based on any failure to reimburse any employment-related expenses, and/or for civil penalties under PAGA based on any failure to reimburse any employment-related expenses, through November 18, 2019.

15. All Settlement Class Members who did not opt out of the Settlement and the LWDA shall be and are permanently enjoined and restrained from and against initiating or pursuing any claims settled herein and released by this Order.

16. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payment in accordance with the Agreement.

17. If, for any reason, the Settlement ultimately does not become final and effective, this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

18. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs or the Class, individually or collectively, all such liability being expressly denied by Defendant.

19. By means of this Final Approval Order, this Court enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

20. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement, and final distribution of Class Counsel's fees.

- 6 -

1    21.    The settlement administrator shall pay 90% of the above-stated

2  attorneys' fees to Class Counsel as provided in the Settlement Agreement.  The

3  remaining 10% shall be paid when Class Counsel provides a declaration stating that

4  all other terms of the settlement have been implemented and lodges a proposed

5  order releasing the remainder of the fee award.

6    22.    The Parties are ordered to comply with the terms of the Settlement

7  Agreement and this Order.

8    23.    This action and the Sixth Amended Complaint are dismissed with

9  prejudice as to the claims released by the settlement.

10    IT IS SO ORDERED.

11   DATED:  December 2, 2019

12                                     Honorable Dale S. Fischer
                                       UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -